# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| JOHN WORTHINGTON, | No. 49050-1-II |
| Appellant/Cross-Respondent, | |
| v. | |
| WASHINGTON STATE LIQUOR AND CANNABIS BOARD, | UNPUBLISHED OPINION |
| Respondent/Cross-Appellant. | |

LEE, J. — John Worthington petitioned the Washington State Liquor Control Board, now the Washington State Liquor and Cannabis Board, (WSLCB) to repeal all rules that were promulgated in the wake of Initiative Measure 502 (I-502)[1] passing in Washington State. Worthington alleged that all of the I-502 rules were promulgated in violation of several provisions of Washington's Administrative Procedure Act (APA). The WSLCB denied the petition, and Worthington sought judicial review in the superior court.

On review, Worthington not only sought review of the WSLCB's denial of his petition, he also sought a declaration from the superior court that all the I-502 rules were invalid. The superior court concluded that the WSLCB's statement that Worthington had not objected to any particular rule was erroneous and, therefore, arbitrary and capricious. The superior court further concluded

---

[1] Passed in November 2012, Initiative Measure 502 legalized the possession of small quantities of marijuana for persons over 21 years of age. *State v. Reis*, 180 Wn. App. 438, 443 n.5, 322 P.3d 1238 (2014), *aff'd*, 183 Wn.2d 197, 351 P.3d 127 (2015); *See* RCW 69.50.4013(3)(a) ("The possession, by a person twenty-one years of age or older, of useable marijuana, marijuana concentrates, or marijuana-infused products in amounts that do not exceed those set forth in RCW 69.50.360(3)" is not a violation of Washington state law.)

that Worthington's other claims were either unproven or inapplicable. The superior court remanded the case for the WSLCB to address Worthington's objections and concerns with regard to the WSLCB's denial of his petition. Worthington appeals and the WSLCB cross-appeals to this court.

On appeal, we hold that (1) Worthington appealed the WSLCB's denial of his rulemaking petition and added a challenge to the validity of the I-502 rules, so review under RCW 34.05.570(2) and RCW 34.05.570(4) is proper; (2) the superior court erred in not reviewing Worthington's challenge to the validity of the I-502 rules under RCW 34.05.570(2) and the appellate record is insufficient for this court to conduct the review; (3) the superior court correctly held that the WSLCB's statement that Worthington did not object to a particular rule was erroneous, but the WSLCB's action was not arbitrary and capricious because the WSLCB's statement applied to each challenged rule; and (4) Worthington is not entitled to relief under the Uniform Declaratory Judgment Act because he is able to seek relief under the Administrative Procedure Act. Therefore, we affirm the WSLCB's denial of Worthington's petition, but reverse the superior court's dismissal of Worthington's declaratory relief claim, and remand Worthington's declaratory relief claim challenging the validity of the I-502 rules under RCW 34.05.570(2) to the superior court.

FACTS

A.    INITIATIVE MEASURE 502

This case follows the passage of I-502 in November 2012. LAWS OF 2013, ch. 3, § 1. Chapter 69.50 RCW codified I-502 into law and directed the WSLCB to promulgate rules for the implementation of I-502. LAWS OF 2013, ch. 3, § 1; RCW 69.50.325. The WSLCB began the process of developing those rules in December 2012 and adopted the first set of rules in November

2013. WASH. ST. REG. 12-24-090 (filed Dec. 5, 2012); WASH. ST. REG. 13-21-104 (filed Oct. 21, 2013; effective Nov. 21, 2013); WAC 314-55-005.

Chapter 314-55 WAC contains the rules promulgated to implement I-502 pursuant to RCW 69.50.325-369. Since the first I-502 rules were adopted, there have been several amendments and revisions to the rules contained in chapter 314.55 WAC. *See e.g.*, WASH. ST. REG. 14-02-022 (filed Dec. 20, 2013), 14-16-066 (filed July 30, 2014), 15-02-065 (filed Jan. 6, 2015), 16-01-111 (filed Dec. 17, 2015).

B.      WORTHINGTON'S PETITION TO REPEAL ALL I-502 RULES

On April 20, 2015, Worthington submitted a second[2] "Petition for Adoption, Amendment, or Repeal of a State Administrative Rule," (rulemaking petition). Administrative Record (AR) at 5 (some capitalization omitted). In the rulemaking petition, on the line provided for listing the "rule number (WAC), if known," for which repeal is requested, Worthington wrote "all marijuana rules and marijuana land use decisions by the WSLCB." AR at 6 (some capitalization omitted). As for the reasoning for why the rule or rules should be repealed, Worthington checked the box labeled "Other" and wrote, "Whether the rule was adopted according to all applicable provisions of law." AR at 6.

Attached to his petition, Worthington provided a "Preliminary list of WAC's [sic] to be Repealed" that stated:

1.      WAC 314-55-077
2.      WAC 314-55-079
3.      WAC 314-55-084
4.      WAC 314-55-085
5.      WAC 314-55-089

---

[2] The first petition is not at issue in this appeal.

     6.     WAC 314-55-092
     7.     WAC 314-55-104
     8.     WAC 314-55-105
     9.     WAC 314-55-075
     10.    WAC 314-55-050
     11.    WAC 314-55-010
     A.     Any Marijuana Infused products WAC
     B.     Any 1000 ft. rule WAC.
     C.     Any WAC establishing how many stores per city, county.

All of these WAC[s], and more were developed without disclosing ex-parte contact and publishing ex-parte contact comments.

AR at 7 (some capitalization omitted).

Worthington also attached a letter in support of repealing "all rules involved with the implementation of I-502." AR at 8. In the letter, Worthington argued that the I-502 rules should be repealed because the WSLCB "violated the Appearance of Fairness Doctrine by meeting with cities, counties, law enforcement, and treatment professionals in private," and "the WSLCB failed to place comments made by these individuals on the record, within the time frame required to allow the public to inspect or rebut comments made by the secret stakeholders." AR at 8. Worthington also cited RCW 42.36.060, prohibiting ex parte communications in quasi-judicial proceedings, and *Smith v. Skagit County*, 75 Wn.2d 715, 453 P.2d 832 (1969), for the proposition that the absence of the appearance of fairness invalidates a decision.

On May 19, Worthington sent an e-mail to the WSLCB Rules Coordinator that stated, "Please add this to the petition to amend adopt and repeal. All of the following rules below are invalid because the WSLCB violated RCW 34.05.375, which covers the following." AR at 58 (emphasis omitted). The e-mail listed every RCW from RCW 34.05.310 through 34.05.395 and every WAC from WAC 314-55-005 through 314-55-540. The e-mail also included the texts of

RCW 34.05.315, .370, .325, and .375, and stated that those statutes were violated because the WSLCB was "caught holding 17 secret public meetings, and altering the rule making file." AR at 60.

Four days later, Worthington sent another e-mail to the WSLCB Rules Coordinator that requested an e-mail exchange be added "to the Petition for adoption amendment repeal." AR at 65. The attached e-mail exchange was between Worthington and the WSLCB's Public Records Compliance Manager regarding a Public Records Act request that Worthington made. In pertinent part, the Public Records Compliance Manager told Worthington, "Prior draft versions of the rulemaking file, prior to adoption of the I-502 rules, no longer exist as rulemaking files are continuously updated until completed and finalized upon adoption of rules. This is the final rulemaking file for the Board's original adoption of chapter 314-55 WAC that you inspected." AR at 65.

On June 10, the WSLCB Rules Coordinator presented the recommendation of the WSLCB office staff to the WSLCB. The recommendation was to deny Worthington's rulemaking petition because "[t]he Petition does not object to any particular rule, but only to the Board's rule adoption process and alleged effect of the rules. Staff believes the proper rulemaking processes were followed and the rules properly implement the initiative." AR at 3.

The WSLCB accepted the recommendation and denied Worthington's rulemaking petition. In a letter that accompanied its denial of Worthington's petition, the WSLCB stated the reason it denied the rulemaking petition was because "[t]he board believes the proper rulemaking processes were followed and the rules properly implement Initiative 502." AR at 2. Worthington appealed the WSLCB's denial of his rulemaking petition to the superior court.

On June 15, Worthington filed in the superior court a "Complaint for Violations of Article I Section 3, and Article I Section 12 of the Washington State Constitution, Petition for Review under RCW 34.05.570, Declaratory and Injunctive Relief Pursuant to RCW 7.24." CP at 628 (some capitalization omitted). In this filing, Worthington: "challenge[d] the constitutionality of I-502 for violations of Article I Section 3, and Article I Section 12 of the Washington State Constitution, for failing to provide due process protection of rights"; alleged "[t]his lawsuit is also a petition for judicial review . . . for failing to follow procedural due process required by RCW 34.05 and the Washington State Constitution"; and asserted that "[t]he Petition for Review and the Complaint for Declaratory and Injunctive Relief both arise [f]rom the WSLCB actions during rulemaking, and prior to rulemaking." CP at 628-29.

In response, the WSLCB moved for a more definite statement under CR 12(e). In the motion, the WSLCB stated:

1. It is unclear whether Worthington is bringing solely a petition for review under RCW 34.05.570 or whether he is seeking to combine a civil complaint and a petition for review.

2. To the extent that Worthington's Complaint constitutes a petition for review under RCW 34.05.570, it is unclear whether Worthington is petitioning the court solely for review of rules under RCW 34.05.570(2) or whether he is seeking review of additional agency action, such as an agency order in an adjudicative proceeding under RCW 34.05.570(3), or 'other agency action' under RCW 34.05.570(4). Worthington's Complaint does not clearly identify the agency action of which he seeks review. The lack of clarity in Worthington's Complaint not only prevents Defendants from determining an appropriate response, but also prevents Defendants from preparing an appropriate agency record for judicial review under RCW 34.05.566(1).

3. To the extent that Worthington's Complaint constitutes a petition for review under RCW 34.05.570, it is unclear what relief, if any, Worthington alleges is available against defendants Chris Marr, Ruthann Kurose, Sharon Foster, Rick Garza, and the State of Washington.

6

CP at 640-41. A stipulated and agreed order granting the WSLCB's motion for a more definite statement was entered in August, which required Worthington to file an amended complaint that clarified:

> (1) whether the matter is solely a petition for review under RCW 34.05.570, or whether a civil complaint is being combined with a petition for review, (2) the nature of the petition for review including the specific agency action for which review is requested, (3) what relief is being sought against defendants Chris Marr, Ruthann Kurose, Sharon Foster, Rick Garza, and the State of Washington and (4) comply with CR 8 and 10(b) by containing only simply, concise and direct allegations in separate numbered paragraphs.

CP at 646-47.

Worthington then filed "Petitioner's 1st Amended Petition for Review Under RCW 34.05.570, and 1st Amended Complaint for Violations of Article I Section 3, and Article I Section 12 of the Washington State Constitution," (amended petition and complaint). CP at 649 (some capitalization omitted). While much of the amended petition consisted of the same lengthy arguments he had made in the earlier filing, Worthington stated in the amended petition and complaint, "Pursuant to RCW 34.05," he was petitioning for judicial review of the WSLCB's "decision denying Worthington's Petition to repeal the rules for I-502." CP at 649. Worthington cites to RCW 34.05.570(2) on pages 20 and 21, arguing that the I-502 rules are invalid because the secret "partnership" violated many subsections of RCW 34.05.310 through RCW 34.05.395. CP at 668.

As to the complaint portion, the amended petition stated, "This complaint also challenges the constitutionality of I-502 for violations of Article I Section 3, and Article I Section 12 of the Washington State Constitution, for failing to provide due process protection of rights from a

minority class of marijuana prohibition stakeholders," and "[t]his combined complaint challenges the constitutionality of 1-502 rules under RCW 7.24, because only the WSLCB conducted rules under the APA, while the other defendants encroached upon, and interfered with the rule making process without officially participating after being properly listed in the pre-notice inquiry." CP at 649-50.

On page 7 of the amended petition and complaint, Worthington asserted that the WSLCB's denial of his petition was arbitrary and capricious because he had listed several WACs that he wished repealed. On pages 8, 19, and 20, Worthington asserted that the I-502 rules had not been promulgated pursuant to RCW 34.05.375. His "Request For Relief Under the APA," was for the superior court to "vacate and set aside [the] WSLCB's decision denying Petitioner Worthington's Petition to repeal all I-502 rules and for new Rulemaking for I-502 as contrary to law, not supported by substantial evidence, and arbitrary and capricious, and remand the matter for further proceedings consistent with all applicable law." CP at 671 (some capitalization omitted). Worthington cited chapter 7.24 RCW on pages 15 and 18, but did not identify the relief he sought under that chapter until page 23, where he requested, "A declaration that all I-502 rules and WAC's [sic] violate statutory, substantive and procedural due process, and after giving special privileges and immunities as applied to the facts set forth herein and are therefore invalid." CP at 671.

In October, the WSLCB filed the certified agency record and "certif[ied] that the following record contains all the matters considered in the June 10, 2015, Special Board meeting and administrative proceeding for the above-entitled matter." AR at 1 (cover page). The agency record was 238 pages but did not include the I-502 rulemaking file. Worthington did not complain about

the absence of the rulemaking file from the agency record until he filed his reply brief to the superior court in late April of 2016.

In his opening brief to the superior court in March 2016, Worthington stated that he was appealing the denial of his rulemaking petition. Worthington argued that the WSLCB "engaged in [an] unlawful procedure and decision-making process"; "the WSLCB violated Article I Section 3, and Article 1 Section 12 of the Washington State Constitution"; and the WSLCB's denial of his petition was arbitrary and capricious because he had listed several WAC provisions he wanted repealed in his petition, had challenged "all rules" in his petition, and had argued the rules were invalid pursuant to RCW 34.05.375. CP at 24. He also argued in his brief that the WSLCB had violated RCW 34.05.310, .325, and .370, and had erroneously interpreted the law. Finally, Worthington alleged he was entitled to relief under chapter 7.24 RCW because he was denied due process when the WSLCB held "secret meetings" and "[t]he only way to bring the shadow government into the light is via injunctive relief." CP at 33.

Four days later, Worthington filed a "Motion to Allow Exhibits in Electronic CD Format," wherein he requested permission to "allow exhibits of more than 8,000 pages be submitted in electronic form." CP at 711 (some capitalization omitted). The WSLCB later moved for a protective order based on Worthington's discovery requests. The parties later agreed to a stipulated order that "(1) the Defendants need not respond to the requested discovery; and (2) Mr. Worthington will withdraw his Motion to Allow Exhibits in Electronic CD Format." CP at 776.

The superior court held a hearing on Worthington's amended petition and complaint on May 6. The superior court made an oral ruling, "finding that the statement [in the WSLCB's denial of Worthington's rulemaking petition] that Mr. Worthington didn't object to any particular rule is

9

inaccurate, and, therefore, it's arbitrary and capricious. I'm going to be remanding the case back to the Board to appropriately address Mr. Worthington's objections that he specified." VRP (May 6, 2016) at 38. The superior court continued, "I'm ruling that it's not appropriate for any RCW 7.24 relief to be provided in this action. That's a separate Declaratory Judgment Act provision. It doesn't apply in this case." VRP (May 6, 2016) at 38-39. The superior court also declined to provide any relief against non-agency parties such as the attorney general's office and the governor's office. Finally, the superior court concluded that the appearance of fairness doctrine was inapplicable to the current proceeding and Worthington had failed to carry his burden on his constitutional violation claims. The superior court ordered the WSLCB to draft an order reflecting the court's ruling.

On May 10, before the WSLCB had presented the order, Worthington moved to clarify the superior court's ruling and for certification under CR 54. At the May 20 hearing for the presentation of the order, the superior court also heard Worthington's motion to clarify. At the end of the hearing, the superior court ruled:

> You [Worthington] have filed a great amount of pleadings with the court. You file motions, you strike them, you file them again, and you strike them.
>
> One of the matters that you began to move forward on that you did not pursue was supplementing the record, and you have brought that issue before this Court at least a couple of different times. It is your burden to ask the Court to supplement the record that the agency provided last fall. We have had that discussion on the record before, and you did not pursue that.
>
> What was in front of me when I heard this matter on May 6th had to do with the RCW 7[.]24 declaratory judgment issue, which I denied, and the issue that you raised regarding repeal of the WACs that the Board instituted. I agreed with your claim that the Department acted in an arbitrary and capricious manner in addressing your challenges to the specific regulations, and I remanded so that the agency could

do its job in an appropriate way. I am not changing my ruling. I am not going to address the issues that you are continuing to try to raise regarding the rulemaking.

VRP (May 20, 2016) at 13-14.

The superior court entered findings of fact and conclusions of law on May 20 as well.

Those findings of fact and conclusions of law stated:

## FINDINGS OF FACT
### I.
Worthington filed a petition for adoption, amendment repeal of rules under RCW 34.05.330 on April 20, 2015, requesting the Board to "repeal all rules involved with the implementation of I-502." In support of this claim, Worthington argued that the Board violated the Appearance of Fairness Doctrine, that the Board violated provisions of the APA (RCW 34.05.315, RCW 34.05.370, and RCW 34.05.325) by holding 17 secret meetings and that by doing so violated RCW 34.05.375. Worthington also asserted that he was told the entire rule making file did not exist and was updated after rulemaking was completed but that there is no such thing as a "final rulemaking file."

### II.

The Board denied Worthington's petition on June 10, 2015. In the Board's denial, the Board stated[,] "The Petition does not object to any particular rule, but only to the Board's rule adoption process and alleged effect of the rules. Staff believes the proper rulemaking processes were followed and the rules properly implement the initiative.["]

### III.

Worthington appealed this agency action to the Superior Court requesting relief under the Uniform Declaratory Judgment Act. Worthington also made new arguments not made before the Board, including claims that the rulemaking process was unconstitutional. Worthington also sought relief against non-agency parties including the Attorney General Bob Ferguson and Governor Jay Inslee.

From the foregoing Findings of Fact, the court makes the following:

## CONCLUSIONS OF LAW

### I.

The court has jurisdiction over the parties and subject matter.

11

II.

The Board's denial of Worthington's petition for rulemaking was other agency action reviewable under 34.05 RCW.

III.

The Board's statement that Worthington did not object to any particular rule is erroneous and therefore arbitrary and capricious.

IV.

The Uniform Declaratory Judgment Act cannot afford relief of agency action and no relief will be granted by this court under that statute. This is a final judgment as to UDJA claims for purposes of CR 54(b).

V.

Worthington did not meet the high burden of establishing the Board's rulemaking process was unconstitutional and, therefore, the Court will find no Constitutional violations.

VI.

The Appearance of Fairness Doctrine is inapplicable in the rulemaking context so there can be no violation of this Doctrine by the Board during rulemaking.

VII.

Relief is not appropriate under chapter 7.24 RCW because that chapter is not applicable to state agency action under 34.05 RCW.

VIII.

Relief is not appropriate under chapter 34.05 RCW against non-agency parties.

IX.

Under RCW 34.05. 574 "in a review under RCW 34.05.570, the court may (a) affirm the agency action or (b) order an agency to take action required by law, order an agency to exercise discretion required by law, set aside agency action, enjoin or stay the agency action, remand the matter for further proceedings, or enter a declaratory judgment order. The court shall set out in its findings and conclusions, as appropriate, each violation or error by the agency under the standards for review set out in this chapter on which the court bases its decision and order. In reviewing matters within agency discretion, the court shall limit its function to assuring that the agency has exercised its discretion in accordance with law, and shall not itself undertake to exercise the discretion that the legislature has placed in the agency. The court shall remand to the agency for modification of agency action, unless remand is impracticable or would cause unnecessary delay.["]

From the foregoing Findings of Fact and Conclusions of Law, the court enters the following:

**<u>ORDER</u>**

IT IS HEREBY ORDERED, ADJUDGED AND DECREED:

This matter is remanded to the the [sic] Washington State Liquor and Cannabis Board to issue a new decision that will address each of Worthington's specific objections and concerns brought in his Petition to the Board in a thoughtful manner. The Board is not required to address any arguments not made originally before the Board as part of Worthington's original Petition. The Board does not need to address the Appearance of Fairness doctrine because that doctrine is inapplicable in the rulemaking context. The Court will not order relief against any non-agency party.

CP at 778-80.

Both Worthington and the WSLCB sought this court's review after the superior court's order. Their respective petitions for discretionary review were converted into appeals of right. Clerk's Spindle.

13

ANALYSIS

A.    STANDARD OF REVIEW

Washington's Administrative Procedure Act (APA)[3] allows any person to petition an agency to adopt, amend, or repeal a rule. RCW 34.05.330(1); *Squaxin Island Tribe v. Dep't of Ecology*, 177 Wn. App. 734, 740, 312 P.3d 766 (2013). The APA also governs judicial review of agency action. RCW 34.05.510. "An agency's decision to deny such a petition for rulemaking is eligible for judicial review and relief under RCW 34.05.570(4)(c) if the court determines the agency's action is arbitrary or capricious." *Nw. Sportfishing Indus. Ass'n v. Dep't of Ecology*, 172 Wn. App. 72, 90, 288 P.3d 677 (2012); *see also Squaxin*, 177 Wn. App. at 740 ("An agency's decision to deny a rule making petition is subject to judicial review as other agency action under RCW 34.05.570(4).").

We will grant relief to a petitioner "only if we determine that the agency action is unconstitutional, outside the agency's authority, arbitrary or capricious, or taken by unauthorized persons." *Id*. (citing RCW 34.05.570(4)). The burden to show the invalidity of the agency's action is on the party challenging the agency's action. RCW 34.05.570(1)(a). Our review is de novo, as we sit in the same position as the superior court when reviewing an appeal from agency action, "and apply the APA standards directly to the agency's administrative record." *Id.*

---

[3] Ch. 34.05 RCW.

B.    DENIAL OF A RULEMAKING PETITION AND CHALLENGE TO THE VALIDITY OF THE RULES

The principle issue in this appeal is whether the action before the superior court was limited to an appeal of the WSLCB's denial of Worthington's rulemaking petition, or whether the action to the superior court included a challenge to the validity of the I-502 rules that were adopted.[4]  This distinction is important because it dictates the APA provision under which this court conducts its review:  If the challenge is solely to the WSLCB's denial of Worthington's rulemaking petition, then RCW 34.05.570(4) guides this court's review; but if the challenge includes a challenge to the validity of the I-502 rules, then RCW 34.05.570(2)(c) guides this court's review of the rules' validity and RCW 34.05.570(4) guides this court's review of the WSLCB's decision to deny Worthington's rulemaking petition.  *Rios v. Dep't of Labor and Indus.*, 145 Wn.2d 483, 491-92, 39 P.3d 961 (2002).

1.  Declaratory Relief Challenge Properly Before Superior Court

Worthington argues that the superior court erred in not reviewing Worthington's challenge seeking declaratory relief under RCW 34.05.570(2)(b)-(c), and only reviewing the WSLCB's denial of his rulemaking petition under RCW 34.05.570(4)(c).  In support, Worthington contends that he alleged the WSLCB violated RCW 34.05.375 in every brief he filed, and that allegation could only be reviewed under RCW 34.05.570(2)(c).

---

[4] Worthington argues before this court, as he did before the superior court, that he has standing to seek judicial review under the APA and under the Uniform Declaratory Judgment Act.  The issue of standing was not contested at the superior court and is not contested here.  Therefore, the issue is not addressed.

The record shows that Worthington filed a "Petitioner's 1st Amended Petition for Review Under RCW 34.05.570, and 1st Amended Complaint for Violations of Article 1 Section 3, and Article 1 Section 12 of the Washington State Constitution" (the amended petition and complaint) in the superior court after the WSLCB successfully moved for a definitive statement. CP at 649 (some capitalization omitted). Therein, he "petitions [the superior court] for judicial review of the following decision of the [WSLCB] decision denying Worthington's Petition to repeal the rules for I-502, and conduct new rulemaking for I-502," "challenges the constitutionality of I-502 . . . for failing to provide due process," and "challenges the constitutionality of I-502 rules under RCW 7.24." CP at 649-50. In Paragraph 9.16, Worthington states, "By their acts and omissions, defendants violated RCW 34.05.310[, .315, .325, .370] and that the rules for I-502 are invalid pursuant to . . . RCW 34.05.570(2)(b)(ii)(c) [sic]." CP at 669.

The record also shows that in his briefing to the superior court, Worthington began his opening brief by stating that he is appealing the "denial of his Petition for Rulemaking" that "ask[ed] the agency to (1) promulgate new rules for I-502, because the agency has engaged in unlawful procedure and decision-making process, and has failed to follow a prescribed procedure." CP at 12. Worthington also cites to RCW 34.05.570(2) on page 10 of his opening brief to the superior court. In his reply brief, Worthington again stated that he is appealing the decision to deny his "petition to repeal rulemaking," "and his request to adopt new rules and his complaint under RCW 7.24." CP at 527. Worthington also cited to RCW 34.05.570(2)(a) and .570(2)(c) on page 3 of his reply brief. Finally, on the last page of his reply brief, and in the "Conclusion and Request for Relief" section, Worthington states that he is entitled to, "A declaration that all I-502

rules and WAC's [sic] violate statutory, substantive and procedural due process . . . and are therefore invalid pursuant to RCW 34.05.570(2)(c)." CP at 537-38 (some capitalization omitted).

Thus, from the record before this court, Worthington appealed the WSLCB's denial of his rulemaking petition and added a challenge to the validity of the I-502 rules when he appealed to the superior court. Therefore, we hold that the superior court erred in not reviewing Worthington's challenge to the validity of the I-502 rules under RCW 34.05.570(2)(c).[5]

RCW 34.05.570(2) addresses the "Review of rules" under the APA. RCW 34.05.570(2)(a) provides, "A rule may be reviewed by petition for declaratory judgment filed pursuant to this subsection or in the context of any other review proceeding under this section."

> The validity of any rule may be determined upon petition for a declaratory judgment addressed to the superior court of Thurston County, when it appears that the rule, or its threatened application, interferes with or impairs or immediately threatens to interfere with or impair the legal rights or privileges of the petitioner. The declaratory judgment order may be entered whether or not the petitioner has first requested the agency to pass upon the validity of the rule in question.

RCW 34.05.570(2)(b)(i).

Here, Worthington filed a rulemaking petition and the WSLCB denied that petition. Worthington then appealed that denial to the superior court and included in that appeal a request

---

[5] There are a number of references in the record and in the WSLCB's briefing that suggest Worthington has already initiated a challenge to the validity of the I-502 rules under RCW 34.05.570(2) in a separate proceeding. *See e.g.*, AR at 3 ("Worthington has filed at least one lawsuit against the board challenging Initiative 502 and the rules adopted by the Board using the same basis included in the petition."); Br. of Resp't/Cross-Appellant at 30 (distinguishing a rulemaking petition brought under RCW 34.05.330 from "an original rulemaking challenge under RCW 34.05.570(2) in superior court—which Worthington was already litigating at the time."). If another case was brought by Worthington challenging the validity of the I-502 rules under RCW 34.05.570(2), and a judgment on the merits has been entered, it may *collaterally estop* Worthington's challenge to the validity of the I-502 rules on remand.

for declaratory relief challenging the validity of the I-502 rules. Under RCW 34.05.570(2)(a), Worthington's challenge to the validity of the rules may be reviewed together with his appeal from the denial of his rulemaking petition because the appeal from the denial of his rulemaking petition is a review proceeding under RCW 34.05.570. *Squaxin*, 177 Wn. App. at 740. It does not matter whether the WSLCB had the opportunity first to "pass upon the validity of the rule in question." RCW 34.05.570(2)(b)(i). Therefore, the superior court should have reviewed Worthington's challenge to the validity of the I-502 rules under RCW 34.05.570(2)(c), and the WSLCB's denial of Worthington's rulemaking petition under RCW 34.05.570(4). *Rios* 145 Wn.2d at 491-92.

2.      Challenge to the Validity of the I-502 Rules Under RCW 34.05.570(2)

Worthington argues that we should hold that the rules in chapter 314-55 WAC are invalid because we should "rule the Board failed to follow the statutory requirements outlined in RCW 34.05.375."[6] Br. of Appellant at 38. We decline to review the validity of the challenged I-502 rules because the rulemaking file is not part of the record on appeal.[7]

---

[6] RCW 34.05.375 provides in part, "No rule . . . is valid unless it is adopted in substantial compliance with RCW 34.05.310 through 34.05.395."

[7] Worthington argues throughout his briefing that we should hold that various provisions of RCW 34.05.310 through 34.05.395 were violated because the WSLCB failed to identify other agencies consulted in the rulemaking file, failed to include various other documents in the rulemaking file, and the WSLCB personnel "admitted removing documents from the rulemaking file to create an ultra vires 'final' copy of the rulemaking file." Br. of Appellant/Cross-Resp't at 46. But these arguments exceed the scope of our review. Our review is limited to a review of the action taken by the WSLCB on Worthington's rulemaking petition and the superior court's failure to review Worthington's challenge to the validity of the I-502 rules that he included in his request for judicial review to the superior court. We are not reviewing the proper procedures for maintaining a rulemaking file, and, in any event, we are without sufficient information in the record and the briefing to make such a determination.

We considered a similar situation where the petitioner challenged the validity of a rule, but the rulemaking file was not contained in the agency record on review in *Musselman v. Department of Social & Health Services*, 132 Wn. App. 841, 853, 134 P.3d 248 (2006). In *Musselman*, we considered a challenge to the validity of a rule permitting the agency to charge more than a patient was able to pay. *Id.* We recognized our authority to review the validity challenge under RCW 34.05.570(2)(a), but held that we could not review the rule on appeal "because the rule-making file [wa]s not part of the record on appeal." *Id.* We explained, "The rule-making file contains copies of all public notices relating to the rule-making process, transcripts of any public meetings, copies of any comments received, a concise statement explaining the need for the rule, and any other material the agency considered. RCW 34.05.370(2)." *Id.* "The rule-making file is necessary for effective judicial review because it contains information the agency considered contemporaneously with the adoption of the rule." *Id.* at 854. Therefore, "Without the rule-making file, this court cannot meaningfully review the agency's reasoning process for adopting the rule." *Id.*

Here, the rulemaking file is not in the record before us.[8] Therefore, for the same reasons explained in *Musselman*, we cannot provide a meaningful review of Worthington's challenge to

---

[8] Worthington argues the trial court erred in making an oral ruling to the effect that Worthington bore the responsibility of objecting to the absence of a rulemaking file in the record and bore the responsibility of supplementing the record with a rulemaking file. We do not address this argument because, as Worthington acknowledges, this ruling is not reflected in the superior court's findings of fact, conclusions of law, or order. *See Doe I v. Wash. State Patrol*, 80 Wn. App. 296, 304–05, 908 P.2d 914 (1996) ("A court's oral ruling is not a final decision, and is not binding unless it is formally incorporated into the written findings, conclusions, and judgment."), *abrogated in part on other grounds in*, *Yousoufian v. Office of King County Exec.*, 152 Wn.2d 421, 98 P.3d 463 (2004).

the validity of the I-502 rules because the rulemaking file is not part of the appellate record. *Id.* at 853-54.

       3.      Arbitrary and Capricious under RCW 34.05.570(4)

The WSLCB cross-appeals the superior court's ruling that the WSLCB's denial of Worthington's petition was arbitrary and capricious, and the superior court's remand to the WSLCB to address the reasons for denying each of the rules Worthington identified. The WSLCB argues that its explanation for denying Worthington's rulemaking petition met the requirements under RCW 34.05.330, and that Worthington cannot establish that he was substantially prejudiced by the denial of his rulemaking petition. We hold that the WSLCB's reason for denying Worthington's rulemaking petition was not arbitrary and capricious.

Worthington filed his rulemaking petition under RCW 34.05.330. That statute provides in relevant part:

> (1) Any person may petition an agency requesting the adoption, amendment, or repeal of any rule. . . . Within sixty days after submission of a petition, the agency shall either (a) deny the petition in writing, stating (i) its reasons for the denial, specifically addressing the concerns raised by the petitioner, and, where appropriate, (ii) the alternative means by which it will address the concerns raised by the petitioner, or (b) initiate rule-making proceedings in accordance with RCW 34.

> (2) If an agency denies a petition to repeal or amend a rule submitted under subsection (1) of this section, and the petition alleges that the rule is not within the intent of the legislature or was not adopted in accordance with all applicable provisions of law, the person may petition for review of the rule by the joint administrative rules review committee under RCW 34.05.655.

The sufficiency of the agency's explanation for its decision is evaluated in light of the purpose behind RCW 34.05.330(1), which is to enable and facilitate judicial review. *Squaxin*, 177 Wn. App. at 741.

As stated above, we review an agency's decision to deny a rulemaking petition under RCW 34.05.570(4)(c). *Nw. Sportfishing*, 172 Wn. App. at 90. RCW 34.05.570(4)(c) provides that, "[r]elief for persons aggrieved by the performance of an agency action . . . can be granted only if the court determines that the action is . . . (iii) Arbitrary or capricious."[9] An agency's action is arbitrary and capricious "'if it is willful and unreasoning and taken without regard to the attending facts or circumstances,'" such that if "'there is room for two opinions, an action taken after due consideration is not arbitrary and capricious even though a reviewing court may believe it to be erroneous.'" *Rios*, 145 Wn.2d at 501 (quoting *Hillis v. Dep't of Ecology*, 131 Wn.2d 373, 383, 932 P.2d 139 (1997). This inquiry requires us to review the record to "'determine if the result was reached through a process of reason, *not whether the result was itself reasonable in the judgment of the court*.'" *Rios*, 145 Wn.2d at 501 (quoting *Aviation W. Corp. v. Dep't of Labor & Indus.*, 138 Wn.2d 413, 432, 980 P.2d 701 (1999)).

---

[9] RCW 34.05.570(4)(c) provides:

> (c) Relief for persons aggrieved by the performance of an agency action . . . can be granted only if the court determines that the action is:
> (i) Unconstitutional;
> (ii) Outside the statutory authority of the agency or the authority conferred by a provision of law;
> (iii) Arbitrary or capricious; or
> (iv) Taken by persons who were not properly constituted as agency officials lawfully entitled to take such action.

There is no argument or indication in this appeal that the WSLCB's denial action was unconstitutional, outside the WSLCB's statutory or legal authority, or taken by someone not legally entitled to deny the rulemaking petition. Thus, we only consider whether the WSLCB's denial of the rulemaking petition was arbitrary and capricious.

Here, the WSLCB was required by RCW 34.05.330(1)(a)(i) to "specifically address[] the concerns raised by" Worthington when it denied his rulemaking petition. The WSLCB explained its denial of Worthington's rulemaking petition: "The Petition does not object to any particular rule, but only to the Board's rule adoption process and alleged effect of the rules. Staff believes the proper rulemaking processes were followed and the rules properly implement the initiative." AR at 3.

As the superior court pointed out, the WSLCB's "statement that Worthington did not object to any particular rule is erroneous." CP at 779. There is no room for two opinions about whether Worthington objected to specific rules—he did. *Rios*, 145 Wn.2d at 501. However, the WSLCB's statement that it "believes the proper rulemaking processes were followed and the rules properly implement the initiative" addressed all of the concerns Worthington raised about the rules he sought to have repealed. CP at 778.

Worthington's concerns in his rulemaking petition were: "[w]hether the rule[s were] adopted according to all applicable provisions of law"; whether the rules "were developed without disclosing . . . and publishing ex-parte contact comments"; whether "in the course of making rules for I-502, the [WSLCB ] violated the Appearance of Fairness Doctrine"; whether the WSLCB "fail[ed] to place comments . . . on the record"; and whether RCW 34.05.375 or RCW 42.36.060 were violated. AR at 6 (some capitalization omitted), 7, 8. The WSLCB's statement that it "believes the proper rulemaking processes were followed and the rules properly implement the initiative" addressed each of these concerns. CP at 778. Given these claims, it was not unreasonable for the WSLCB to provide a blanket statement that applied to each challenged rule. Remanding for the WSLCB to address each rule Worthington identified would result in the

WSLCB stating, for each rule in chapter 314-55 WAC, that it "believes the proper rulemaking processes were followed and the rule[] properly implement[s] the initiative." CP at 778. Requiring the WSLCB to do this is unnecessary and unreasonable. Therefore, we hold that the WSLCB's action was not arbitrary and capricious.

D.      ACTION FOR RELIEF UNDER THE UNIFORM DECLARATORY JUDGMENT ACT

Worthington argues he is entitled to relief under the UDJA, chapter 7.24 RCW. Specifically, Worthington states that we should enjoin the participation of Results Washington, State Prevention Enhancement Policy Consortium, the attorney general's office, and the governor's office in rulemaking.

Without deciding whether Worthington is entitled to relief under the UDJA, we hold that Worthington's arguments are without merit.

Worthington argues, "There simply is no mechanism in the APA to enjoin superior agencies or an executive order from interfering with future rulemaking" and "Worthington should have prevailed on his UDJA claims because the Board in failing to see them failed to make any reasoned arguments and gave passing treatment to Worthington's specific allegations of violations under the UDJA." Br. of Appellant/Cross-Respondent at 60, 63. In the conclusion of his brief, Worthington states, for the first and only time in his brief to this court, that he is entitled to relief under the UDJA because the participation of the several complained-of groups in the rulemaking process "violated the Washington State Constitution, Worthington's substantive due process rights, by granting privileges and immunities to a group of stakeholders with interests opposite to those of Worthington." Br. of Appellant/Cross-Respondent at 66.

23

1.      A Need to Enjoin Other Agencies from Rulemaking is Not Explained

Worthington's argument that there "simply is no mechanism in the APA to enjoin" agencies from being involved in future rulemaking is not persuasive because he does not provide any reason why other agencies should be enjoined from participating in rulemaking. In support of this assertion, Worthington contends that is impossible to comply with the APA and a governor's executive order encouraging cross-agency collaboration. Br. of Appellant/Cross-Respondent at 60. This contention is unsupported.

The executive order Worthington cites is Executive Order 13-04, and, specifically, subsections (b) through (f) of the order. Br. of Appellant/Cross-Respondent at 60; Exec. Order No. 13-04 (Wash. Sept. 10, 2013), http://www.governor.wa.gov/sites/default/files/exe_order/eo_13-04.pdf. Worthington has not identified which part, or parts, of these directives render compliance with the APA impossible. Therefore, we do not address his argument. RAP 10.3(a)(6); *West v. Thurston County*, 168 Wn. App. 162, 187, 275 P.3d 1200 (2012) (refusing to consider issues that were not developed in the briefing).

2.      WSLCB did not "Fail to See" Worthington's Arguments

Worthington's argument that he should have prevailed on his UDJA claims because the WSLCB failed to see his claims, and so failed to make arguments against those claims, is not persuasive. The WSLCB responded with an argument based on statutory authority. The WSLCB argued in its response brief to the superior court, and again to this court, that RCW 7.24.146 precluded Worthington from seeking relief under the UDJA. RCW 7.24.146 provides that the

24

UDJA "does not apply to state agency action reviewable under chapter 34.05 RCW." Thus, Worthington's assertion that the WSLCB did not respond to his claims is incorrect.

       3.      Worthington's Constitutional Claims are not Developed

Worthington's assertion that he is entitled to relief under the UDJA because his constitutional rights have been violated is not persuasive. He fails to provide any argument supporting his assertion. *DeHeer v. Seattle Post-Intelligencer*, 60 Wn.2d 122, 126, 372 P.2d 193 (1962) ("Where no authorities are cited in support of a proposition, the court is not required to search out authorities, but may assume that counsel, after diligent search, has found none."). While Worthington argued to the superior court and the WSLCB that his constitutional rights were violated, none of those arguments are developed in his briefing to this court. Accordingly, we do not consider them. RAP 10.3(a)(6); *West*, 168 Wn. App. at 187 (refusing to consider issues that were not developed in the briefing).

E.     Conclusion

We hold that: (1) Worthington appealed the WSLCB's denial of his rulemaking petition and added a challenge to the validity of the I-502 rules, so review under RCW 34.05.570(2) and RCW 34.05.570(4) is proper; (2) the superior court erred in not reviewing Worthington's challenge to the validity of the I-502 rules under RCW 34.05.570(2) and the appellate record is insufficient for this court to conduct the review; (3) the superior court correctly held that the WSLCB's statement that Worthington did not object to a particular rule was erroneous, but the WSLCB's action was not arbitrary and capricious because the WSLCB's statement applied to each challenged rule; and (4) Worthington is not entitled to relief under the Uniform Declaratory Judgment Act because he is able to seek relief under the Administrative Procedure Act. Therefore, we affirm the

No. 49050-1-II

WSLCB's denial of Worthington's petition, but reverse the superior court's dismissal of Worthington's declaratory relief claim, and remand Worthington's declaratory relief claim challenging the validity of the I-502 rules under RCW 34.05.570(2) to the superior court.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

_____
Lee, J.

We concur:

_____
Johanson, J.

_____
Maxa, A.C.J.

26